CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 0 8 2010

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMES ALFONSO STOKES,<br>Plaintiff, | )<br>) Civil Action No. 7:10-cv-00539<br>) |
| v. | ) **MEMORANDUM OPINION**<br>) |
| JAMES O'KEEFE, et al.,<br>Defendants. | ) By: Samuel G. Wilson<br>) United States District Judge |

Plaintiff James Alfonso Stokes, a Virginia inmate proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 against Dr. James O'Keefe, a psychologist at Lawrenceville Correctional Center, Sgt. Wilhelm, an investigator at Augusta Correctional Center, and Ron Hall, the Assistant Chief of the Special Investigations Unit for the Department of Corrections. The court finds that Stokes has not stated a claim upon which relief can be granted against any of the named defendants, and therefore dismisses his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.**

Although his complaint is difficult to understand and largely nonsensical, the court will nevertheless attempt to make sense of as much of Stokes's complaint as it can. Stokes alleges that on January 7, 2009, while housed at Lawrenceville Correctional Center, he was called to the office to meet with an unnamed psychologist. Also present at this meeting was defendant Dr. O'Keefe, who observed Stokes' meeting with the other psychologist. Two days later, while Stokes was in his cell, Dr. O'Keefe and the other psychologist came to visit him and told him that they thought he should be transferred to Marion Correctional Treatment Center ("Marion"). On January 13, 2009, Dr. O'Keefe apparently testified in Brunswick General District Court that Stokes was at risk of harming himself and possibly others. Stokes claims that Dr. O'Keefe's testimony was a "lie" and that he was "bribed" by the state police into telling the lie in order to get Stokes transferred to

Marion. Stokes states that he wants to file a defamation lawsuit against Dr. O'Keefe and wants to charge Dr. O'Keefe with perjury.

Stokes believes that the state police, various prison officials, and Dr. O'Keefe want him transferred to Marion so that the Marion staff can say that he is "delusional about chemicals." Stokes also believes that the state police have "bribed" prison officials at the various institutions that have housed Stokes throughout Virginia into "terrorizing" Stokes with "all types of chemicals" that they put on everything that is issued to him, including clothes, linens, mattresses, pens, food, and grievance forms. In addition, he alleges that the police have been flying state police helicopters and local police search planes and jets over all the institutions that have housed him. Stokes alleges that defendants Sgt. Wilhelm and Special Investigations Assistant Chief Ron Hall refuse to have Stokes' case criminally investigated and asks the court to have the U.S. Marshals' Office and FBI agents investigate the police who have been "targeting" him.

## II.

To state a claim for relief under §1983, a plaintiff must allege facts indicating that the plaintiff has been deprived of rights guaranteed by the Constitution or laws of the United States, and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Stokes' complaint, however, does not contain a single plausible, constitutional claim against any of the named defendants. To the extent Stokes wants to bring a defamation lawsuit, defamation is not actionable under § 1983. To the extent he wants to institute state criminal charges, the decision to bring criminal charges is solely the province of the Commonwealth's attorney in the appropriate jurisdiction. And, to the extent he complains that defendants Wilhelm and Hall will not criminally investigate the police who are "targeting" him, he is not stated a plausible constitutional claim. Accordingly, the court finds that Stokes has failed to
2

state a constitutional claim against any of the named defendants and, therefore, the court dismisses his complaint.

### III.

For the stated reasons, Stokes's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

The Clerk of the Court is directed to send certified copies of this Memorandum Opinion and accompanying Order to the plaintiff.

**ENTER**: This 8th day of December, 2010.

United States District Judge